UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Barrett,

                      Plaintiff,

– against–

TransUnion, LLC,

                      Defendant(s).

Civil Action No.

**COMPLAINT**

## COMPLAINT

Plaintiff, Michael Barrett (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendant, TransUnion, LLC ("TransUnion") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Michael Barrett, is an adult citizen of Ohio.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant TransUnion is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Ohio where the Plaintiff resides.

## FACTUAL ALLEGATIONS

7. Comenity Bank ("Comenity") issued an account ending in 9334 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

8. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

9. On or about August 27, 2019, Plaintiff and Comenity entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as <u>Exhibit A</u>.

10. Pursuant to the terms of the settlement, Plaintiff was required to make a lump sum payment totaling $554.00 to settle and close his Comenity account.

11. Plaintiff, via his debt settlement representative, timely made the requisite settlement payment.

12. However, over half a year later, Plaintiff's Comenity account continued to be negatively reported.

13. In particular, on a requested credit report dated March 12, 2020, Plaintiff's Comenity account was reported with a status of "CHARGE OFF," a balance of $831.00 and a past due balance of $831.00. The relevant portion of Plaintiff's credit report is attached hereto as <u>Exhibit B</u>.

14. This tradeline was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

15. On or about April 24, 2020, Plaintiff, via his attorney at the time, notified credit reporting agencies directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Comenity account. A redacted copy of this letter and the certified mail receipts are attached hereto as <u>Exhibit C</u>.

16. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Comenity to credit reporting agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

17. In June of 2020, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's Comenity account remained inaccurate, as Defendant failed to correct the inaccuracy. The relevant portion of the June 2020 credit report is attached hereto as <u>Exhibit D</u>.

18. TransUnion did not notify Comenity of the dispute by Plaintiff in accordance with the FCRA, or alternatively failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

19. Defendant failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with TransUnion.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

**CLAIM FOR RELIEF**

22. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

23. TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

24. TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

25. TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

26. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

27. As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendant as follows:

1. That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

By: /s/ Thomas G. Widman
Thomas G. Widman, Esq. (Bar No. 0059259)
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
E-mail: thomas.w@gitmeidlaw.com
*Attorneys for Plaintiff*